RADIUM REMEDIES COMPANY v. ED WEISS AND ANOTHER.[1]

January 6, 1928.

No. 26,422.

**Finding not sustained by evidence that certain ingredient was not known to Weiss.**

1. A finding that a certain ingredient in the preparation of plaintiff's remedy was added thereto in a manner and quantity unknown to defendant Weiss *held* not sustained by the evidence.

**Finding not sustained that formula was not a trade secret.**

2. The finding that the evidence does not sustain the allegation that the formula and process here in question was a secret or trade secret belonging to plaintiff is *held* to be contrary to the established facts. It is not necessary, in order to justify relief in an action of this kind, that the formula and process be wholly secret; qualified secrecy is sufficient.

**Defendants' remedy contains same ingredients as remedy prepared by plaintiff.**

3. The evidence *held* to establish that defendant Weiss obtained full knowledge of the ingredients, manner of compounding, quantities used of each ingredient, and the formulas used in the preparation of plain-

[1]Reported in 217 N. W. 339.

tiff's remedy, and that the remedy made by defendants contains the same ingredients and is prepared in the same manner and by the same process as plaintiff's remedy, and by use of the formulas and knowledge obtained by Weiss by reason of his former position as an officer of and in his work for the plaintiff.

**Unfair trade practices.**

4. Rule as to unfair trade practices stated.

**Knowledge .of Weiss chargeable to defendant corporation.**

5. The knowledge obtained by Weiss is chargeable to defendant corporation, he being its president, majority stockholder and in active control of its business.

**Plaintiff entitled to further relief.**

6. Plaintiff *held* entitled to further relief and granted leave to apply to the district court for leave to try the issue of damages.

Appeal and Error, 4 C. J. p. 1201 n. 42.

Injunctions, 32 C. J. p. 156 n. 66; p. 158 n. 91; p. 159 n. 3 New; p. 350 n. 77.

Trade-Marks, Trade-Names and Unfair Competition, 38 Cyc. p. 756 n. 51.

See note in 12 L.R.A.(N.S.) 102; 20 L.R.A.(N.S.) 933; 44 L.R.A.(N.S.) 1160; 14 R. C. L. 402; 3 R. C. L. Supp. 226; 5 R. C. L. Supp. 763; 6 R. C. L. Supp. 818.

Action in the district court for Hennepin county to enjoin the defendants from using .a medicinal formula. Plaintiff appealed from a judgment, Reed, J. entered in its favor but which did not give the full relief asked. Its contention on appeal was that it was entitled to further relief. Remanded with directions.

*LeSueur, Diepenbrock & Caswell,* for appellant.

*O. N. Davies,* for respondents.

OLSEN, C.

Plaintiff appeals from the judgment. The action is brought to enjoin defendants from using a formula for a certain medicinal remedy, from continuing the manufacture, sale and advertising of

such remedy, from continuing certain alleged unfair trade practices, and for damages. Plaintiff was granted a small part of the relief asked for, but was denied relief as to the more important measures.

It appears that on or about May 29, 1923, one J. A. McGlynn purchased from one J. H. Frank Smokey, who claimed to be the originator and sole owner thereof, a formula for the preparation of a remedy for pyorrhea. Smokey gave McGlynn a bill of sale thereof, covenanting that the formula was free from all encumbrances, claims or interests of others. McGlynn was associated in the purchase with four other persons, but took title to the formula in his sole name. McGlynn and these four others then formed a partnership organization under the name of Radium Remedies Company. The copartnership engaged in the manufacture of the remedy from this formula, and the name "PyRadium" was adopted and used as the tradename for the remedy. The partnership was located at Helena, Montana, and the parties were residents of that state. The partners, other than McGlynn, thereafter and prior to March 17, 1925, transferred their interests in the formula and partnership to one J. Haaland, Jr. and the defendant Ed Weiss, so that McGlynn then owned one-fifth, Haaland one-fifth, and Ed Weiss three-fifths interest in the copartnership. It was then agreed to incorporate, under the laws of Minnesota, under the name Radium Remedies Company, and to make Ed Weiss president and J. A. McGlynn secretary of the proposed corporation, and to issue stock to said Weiss, McGlynn and Haaland in the total amount of $55,000, in the proportions of their ownership above stated. It was also agreed to remove the business to Minneapolis in this state. This was all carried out, except that the corporation was organized under the laws of Montana. Thereupon, on March 18, 1925, said Weiss, McGlynn and Haaland, by bill of sale, sold and transferred to the corporation so formed all their right, title and interest in the formulas, tradename, stock in business, including the tradename PyRadium, of the copartnership, and warranted the title to said property. The business was removed to Minneapolis in May or June of that year, and

McGlynn and Haaland came to Minneapolis and commenced to manufacture and sell the remedy there, and the business has since been there conducted, the corporation having been licensed to do business in this state. Defendant Weiss came to Minneapolis a little later, towards the end of July or first part of August, 1925, and acted as president and participated in the management and business of the corporation until he severed his relations, as hereinafter stated.

The original formula for the remedy PyRadium was kept secret and sealed up by McGlynn after he received it from Smokey. A so-called working formula was used in the preparation of the remedy. A formula slightly differing from the original, referred to as being a slight improvement, and also signed by Smokey, was kept with the original. The formulas were not disclosed except to the officers of the corporation and were guarded from disclosure. They were the principal items of the corporate assets, were considered valuable, and were treated as trade secrets. There is some evidence that before the sale to McGlynn the owner, Smokey, had made use of the formula and prepared the remedy himself, and had permitted its use by some organizations with which he was connected at St. Louis and Chicago, but that such use had ceased and the formulas had been retained by or returned to him. There is evidence tending to show that Smokey continued to prepare the same remedy at Denver, Colorado, after he had sold the formula to McGlynn, and evidence that in January, 1926, he offered to sell to defendant Weiss this same formula and other formulas, stating, at the time, that no one except the Radium Remedies Company of Minneapolis had any right to use them in the United States. When the defendant Ed Weiss became interested in the company, the formulas were delivered to him in a sealed envelope. They were so kept by him until he came to Minneapolis and were then placed by him and McGlynn in a safety deposit box in a bank. At first such box was rented in the name of Weiss, and later in the name of the corporation. At Minneapolis Weiss assisted in mixing and preparing the remedy, except that one certain ingredient was always put in by McGlynn. Weiss, as president and director of the corporation, be-

came familiar with the mixing and preparing of the remedy and the ingredients thereof. He became familiar with the working formula and had access to all the formulas. The envelope containing the original formula was opened at one time and that formula compared by Weiss and other officers of the corporation with the working formula. Weiss had copies of some of the formulas, made by a stenographer for his use. The inference is clear that Weiss obtained full information as to the original, as well as the working formula, and full knowledge of how to prepare the remedy and of the exact ingredients and the proportions and quantities used in its preparation.

Weiss became dissatisfied with the conduct of the business and wished to have the remedy prepared in larger quantities and marketed at a lower price for the purpose of increasing the business, and about the end of August, 1925, resigned as president and director and soon thereafter sold all his stock in the corporation, most of it direct to the corporation and the balance to one Rueber, who was then manager of the corporation. He at once organized another corporation under the name of National Radium Laboratories, Inc. of which he became president, in which he held the majority of the capital stock, and over which he had full control. This new corporation commenced, at Minneapolis, the manufacture and sale of a remedy for pyorrhea, named and labeled Rá-aid, and sold at a much lower price than plaintiff's remedy. Rá-aid had the same ingredients as plaintiff's remedy and was prepared by use of the formulas and information acquired by Weiss as an officer of and while associated with plaintiff corporation. The new remedy was put up in similar bottles, had the same color and taste and, to quite an extent, simulated plaintiff's remedy. Defendant Weiss made oral and written statements to the effect that it was the same remedy and that the formula was the same as for plaintiff's remedy. Trade circulars were issued and mailed to druggists throughout the state advertising the remedy. Directions for its use, similar to the directions on plaintiff's remedy, were issued. This action was thereupon commenced in December, 1925, to enjoin defendants from further employing or using the formula in question for manufactur-

ing the remedy Rá-aid, from further advertising and selling the same, and from representing it to be the same remedy as PyRadium, and to command defendants to cease the manufacture, sale, advertisement or use of said formula or remedy, and for damages. There is little dispute in the evidence, and the facts above stated are fairly established thereby.

1. Plaintiff challenges certain findings of fact made by the trial court, and these findings will be considered. The court found in paragraph 5 of the findings that defendant Weiss, in the preparation of plaintiff's remedy, was assisted by one or two other officers of the corporation and that a certain ingredient was added to such preparation by one of the others in a manner and quantity unknown to Weiss. It is sufficient to say as to this finding that defendant Weiss himself compounded and prepared the plaintiff's remedy and put into it all the ingredients, except that in his presence another officer of the corporation added one ingredient. How this ingredient was added Weiss saw and observed; what it was he well knew; the quantity used he saw and observed; and he had in his possession all the formulas used, and had examined and compared the original formula with the working formula. He knew the contents of all formulas and the exact quantities used of all ingredients. Any attempted denial by him of such facts can have no force in the face of the undisputed evidence.

2. In paragraph No. 8 the court found that the allegation that this formula or process is a secret or trade secret belonging to the plaintiff, is not sustained by the evidence. The undisputed facts are to the contrary. That the formulas and process were not absolutely secret is not a defense in this action. They were trade secrets so far as Weiss and the corporation controlled and owned by him are concerned. Weiss, having obtained knowledge of the formulas and process because of his confidential relation to plaintiff as its president and director, cannot avoid responsibility on the ground that the formulas and process were not wholly secret. Vulcan Detinning Co. v. American Can Co. 67 N. J. Eq. 243, 58 A. 290; Id. 72 N. J. Eq. 387, 67 A. 339, 12 L.R.A. (N.S.) 102. In that case it is held that one obtaining knowledge of a process by reason of relations of con-

fidence, or through his employment, will not be permitted afterwards to use such process for himself or to disclose it to others, without the consent of the party from whom he obtains it, although the process is not wholly secret, but only qualifiedly so, and that such restriction applies as well to others, who, with knowledge of the facts, obtain the information from such employe or person.

The rule as to qualified or partial secrecy is recognized by this court in the case of Chamber of Commerce v. Wells, 100 Minn. 205, 111 N. W. 157, although there applied to market quotations and not strictly to trade secrets.

The formulas and process used by the plaintiff were at least qualifiedly secret and should have been so held.

3. In paragraph No. 9 the court found that there was no evidence offered as to the formula used by defendant corporation in preparing the remedy Rá-aid, nor as to the ingredients, process or method of compounding same, and that the allegation that defendant corporation is using the same or similar formula or process as that used by plaintiff is not sustained by the evidence. The ingredients of defendants' remedy are printed on the labels introduced in evidence and coincide with the ingredients of plaintiff's remedy. The one ingredient that defendant Weiss pleads ignorance of is advertised as being an important element in defendants' remedy and he had a copy of plaintiff's working formula and knowledge of the quantity of each ingredient used and of the exact manner and method of compounding the remedy. He testified that after he left the plaintiff company he went right on manufacturing the same sort of radium (remedy) as ever. Weiss does not claim to have obtained any formula or process, or any knowledge of the compounding of any remedy from any other source than from his connection with plaintiff. There can be no other reasonable conclusion or finding of fact than that defendants' remedy Rá-aid contains the same ingredients and is made from the same formula and by the same process as plaintiff's remedy, and the ingredients are clearly shown. The evidence requires such a finding.

4. In paragraph No. 10 the court found, in substance, that the trade practices of defendant corporation did not constitute any

unfair, unlawful or unjust encroachment or infringement upon plaintiff's rights and did not entitle plaintiff to any relief. This finding is in the nature of a conclusion, based on findings of fact hereinbefore held not sustained by any evidence, hence must fall with them.

No fixed rule can perhaps be laid down as to what constitutes unfair competition. It has been said that unfair competition consists "in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor." 26 R. C. L. 875. An exclusive right to use a tradename is not necessary in order to entitle the user to restrain another from unfair use or imitation thereof. Pillsbury-Washburn F. M. Co. v. Eagle (C. C. A.) 86 F. 608, 41 L. R. A. 162. It is not important in this case whether the wrong here complained of be considered unfair competition or not. It was a breach of confidence and wrongful misappropriation of qualifiedly secret formulas and process by the defendant Weiss, and the same liability would follow as in a case of unfair competition.

5. Complaint is made of the seventh finding of fact, that defendant Weiss has not separately or individually engaged in the manufacture or selling of any remedy similar to plaintiff's remedy. This is technically correct, for the remedy has been made and sold in the name of defendant corporation. But for all practical purposes in this case Weiss is the corporation. His knowledge and the means whereby he obtained it are equally chargeable to the defendant corporation. And the fact that the corporation is a separate entity and the acts complained of were done under its name, so as to be, in law, the acts of the corporation, does not avail either defendant.

6. The question of damages was not litigated. Plaintiff claims there was some understanding that this issue was deferred and was to be tried later if plaintiff was found entitled to an injunction. The record here does not show that the question of damages was

reserved for further trial. The question as to any further trial on the issue of damages is properly a question for the district court.

The case is remanded to the district court with directions to amend its findings of fact in conformity with this opinion and to amend its conclusions of law so as to grant, in addition to the relief already granted, an injunction restraining both defendants from continuing the manufacture and sale of the remedy Rá-aid under the formulas and process now used, the knowledge of which was obtained by defendant Weiss through his connection with this plaintiff, or from using any substantially similar formulas or process derived from the knowledge so obtained. Leave is granted to plaintiff to apply to the district court for a trial of the issue of damages.

Remanded with directions.